Caldwell, C.J.
The first question arising in the case is whether the assignment of the certificate by Bounds to Edwards constituted a mortgage.
The writing given by Edwards to Bounds, at the time of the assignment, gave the right in express terms to Bounds to redeem, by the performance of the condition, any time before the first of March then next following.
It was then clearly a mortgage, whilst the right to redeem by the terms of the contract existed, and being once a mortgage, it always remained such, as well after as before condition broken. But it is said by complainants in review that, if it could be- held to be a mortgage, it was only a mortgage of a personal chattel, and that the sale of the certificate by Edwards to Stover, after condition broken, vested in Stover a clear and indefeasible title. Now, it is true that a certificate of this kind does not create' a complete title to land; still its whole object and effect is to create a claim or title to real estate, and it has no value except so far as it effects that object. It gives the party to whom it belongs the right to enter and hold the land, the right to obtain a complete legal title to the exclusion of all other persons, and is a title to the land, although not a perfect one. We suppose, then, that Edwards, by the assignment of the certificate, obtained an ^equitable claim on the land, subject to the right of Bounds, the mortgagor, to redeem; and that Stover, having notice of Bounds’ rights, took the certificate subject to the same condition.
As to the second error assigned, we would merely remark that the evidence shows that Bounds had not been heard from for more than seven years before the commencement of the suit, and might be presumed to be dead, and his heirs entitled to bring suit for the land.
It is also objected that no process was issued on the amended *95 bill. We know of no rule of practice that requires defendants who are in court to be served with process to answer an amended bill.
We see no error in the decree of the supreme court; the bill of review will therefore be dismissed.

Bill dismissed.